J-S12033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAY TYLER BARD, | : | |
| | : | |
| Appellant | : | Nos. 1460, 1461, 1462 MDA 2016 |

Appeal from the Judgment of Sentence August 10, 2016
in the Court of Common Pleas of Franklin County,
Criminal Division, No(s): CP-28-CR-0000206-2014,
CP-28-CR-0001558-2012, CP-28-CR-0001856-2013

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED MARCH 21, 2017**

Jay Tyler Bard ("Bard") appeals from the judgments of sentence entered following the revocation of probation for his separate convictions of forgery, retail theft and possession of a controlled substance.[1] Counsel for Bard has filed a Petition to Withdraw from representation, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's Petition to Withdraw and affirm Bard's judgments of sentence.[2]

In its Opinion, the trial court concisely summarized the history underlying the instant appeal. ***See*** Trial Court Opinion, 10/2/16, at 1-2

---

[1] 18 Pa.C.S.A. §§ 4101(a)(2), 3929(a)(1); 35 P.S. § 780-113(a)(1).

[2] Bard filed separate appeals of the sentences imposed upon the revocation of each sentence of probation. This Court consolidated the appeals for review.

(unnumbered). We adopt the trial court's recitation for the purpose of this appeal. *See id.*

Before addressing Bard's claims, this Court "must first pass upon counsel's petition to withdraw[.]" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014).

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Orellana*, 86 A.3d at 879-80 (some citations omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."

*Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

Here, counsel's Petition to Withdraw states that he has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Bard that he was seeking permission to withdraw, furnished Bard with copies of the Petition and *Anders* Brief, and advised Bard of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Accordingly, counsel has satisfied the procedural requirements of *Anders*. In addition, counsel's *Anders* Brief meets the substantive dictates of *Santiago*. Accordingly, we will proceed with our independent review of the trial court's proceedings to determine whether Bard's appeal is wholly frivolous.

In the *Anders* Brief, Bard presents the following claims for our review:

1. Did the trial court abuse its discretion when it sentenced [Bard] to a sentence of 9 months to 60 months in a State Correctional Institution [for his conviction of forgery at No.] 1558-2012?

2. Did the trial court abuse its discretion when it sentenced [Bard] to a sentence of 6 months to 36 months in a State Correctional Institution [for his conviction of retail theft at No.] 1856-2013?

3. Did the trial court abuse its discretion when it sentenced [Bard] to a sentence of 3 months to 12 months in a State Correctional Institution [for his conviction of simple possession at No.] 206-2014?

*Anders* Brief at 9.

Bard's claims challenge the discretionary aspects of his sentences, from which there is no right of appeal. *See* 42 Pa.C.S.A. § 9781(b). Instead, Bard must petition this Court for permission to appeal the discretionary aspects of his sentences. *Id.*

As this Court has explained,

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence,[3] Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (footnote added).

Here, Bard timely filed a Notice of Appeal, and properly preserved his claims in a post-sentence motion. The *Anders* Brief also contains a Pa.R.A.P. 2119(f) Statement of Reasons relied upon for allowance of appeal. Consequently, we next address whether the appeal presents a substantial question.

The determination of what constitutes a substantial question is evaluated on a case-by-case basis. *See Commonwealth v. Paul*, 925 A.2d

---

[3] "[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008).

825, 828 (Pa. Super. 2009). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1286-87 (Pa. Super. 2013) (internal citations and quotation marks omitted).

In his Rule 2119(f) Statement, Bard's counsel states that,

> [d]ue to the fact that [Bard] received a legal sentence following a re-sentencing hearing, it is undersigned counsel's position that Bard is unable to put forth a colorable argument that his sentences were inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process, … so as to justify permission to appeal in the Superior Court.

***Anders*** Brief at 13. Notwithstanding the inadequacy of the Rule 2119(f) Statement, we conduct our own independent review of the trial court's proceedings to determine whether there exist any non-frivolous issues that could be raised in this appeal. ***See Wimbush***, 951 A.2d at 382.

In his Post-Sentence Motion, Bard sought a modification of his sentence, requesting

> the opportunity to serve a term of imprisonment locally in the Franklin County Jail. He makes this request based on his desire to maintain his local employment through the Work Release Program[,] and to be nearer to his family, including his son, who are his support system. Additionally, he notes that the basis for his violation of supervision is receiving new charges[,] and those charges are merely pending at this point, as well as being behind on payments, which is due to his current incarceration.

- 5 -

Post-Sentence Motion, 8/18/16, at 2. From Bard's Post-Sentence Motion, it appears that he challenged the fact that his sentences were to be served in a state correctional facility, rather than the county jail.

In his Motion and on appeal, Bard failed to refer to any particular provision of the Sentencing Code that requires a sentence following multiple violations of probation to be served in a county jail rather than a state correctional facility. Accordingly, we could conclude that Bard has failed to raise a substantial question. *Cf. Commonwealth v. Hartle*, 894 A.2d 800, 806 (Pa. Super. 2006) (holding that claim that sentencing court abused its discretion by sentencing defendant to serve his sentence in a state correctional facility, rather than county jail, raised a substantial question where the defendant was able to point to a violation of particular provision of sentencing guidelines). However, as Bard's present counsel filed the Post-Sentence Motion and, on appeal, a Petition to Withdraw, we will address Bard's substantive claim in an abundance of caution.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Clarke*, 70 A.3d at 1287 (citation omitted). On appeal from resentencing following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42

- 6 -

Pa.C.S.A. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if "the defendant has been convicted of another crime; or the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001) (quoting 42 Pa.C.S.A. § 9771(c)).

In its Opinion, the trial court addressed Bard's challenge to the sentences imposed, and concluded that the challenge lacks merit. **See** Trial Court Opinion, 10/2/16, at 2-4 (unnumbered). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis. **See id.**

Finally, our independent review discloses no other non-frivolous claims that Bard could raise on appeal. Accordingly, we grant counsel's Petition to Withdraw, and affirm Bard's judgments of sentence.

Petition to Withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017

- 7 -

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | Criminal Action |
| | : | |
| vs. | : | Nos. 1558-2012; 1856-2013; 206-2014 |
| | : | |
| Jay Tyler Bard, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## OPINION *sur* PA. R.A.P. 1925(a) AND ORDER OF COURT

Before Van Horn, P.J.

Filed OCT 20 2016

Clerk

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | Criminal Action |
| | : | |
| vs. | : | Nos. 1558-2012; 1856-2013; 206-2014 |
| | : | |
| Jay Tyler Bard, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## STATEMENT OF THE CASE

On October 10, 2012, the above-captioned Defendant, Jay Tyler Bard, pled guilty to one count of Forgery.[1] On November 14, 2012, Defendant was sentenced to 24 months of Probation. Since receiving his sentence, Defendant has violated the terms of his supervision by the Franklin County Probation Department ("Probation Department") on four separate occasions. As a result of his most recent violation, Defendant was sentenced by this Court on August 20, 2016, to a period of 9-60 months in a State Correctional Institution ("SCI").

On November 20, 2013, Defendant pled guilty to one count of Retail Theft.[2] The same day, Defendant was sentenced to 48 months of Probation. Since receiving this sentence, Defendant has violated the terms of his supervision by the Probation Department on three separate occasions. As a result of his most recent violation, Defendant was sentenced by this Court on August 20, 2016, to a period of 6-36 months in a SCI.[3]

On January 28, Defendant pled guilty to one count of Simple Possession.[4] The same day, Defendant was sentenced to 9 months of Intermediate Punishment ("IP"), Restrictive Intermediate Punishments ("RIP") for 1 month, followed by 2 months of Intensive Supervision.

---

[1] 18 Pa. C.S.A. § 4101(a)(2). This criminal action is docketed under case number 1558-2012.
[2] 18 Pa. C.S.A. § 3929(a)(1). This criminal action is docketed under case number 1856-2013.
[3] This sentence for case number 1856-2013 is to run concurrently with the sentence imposed on the same date for case number 1558-2012.
[4] 18 Pa. C.S.A. § 780-113(a)(1). This criminal action is docketed under case number 206-2014.

Since receiving this sentence, Defendant has violated the terms and conditions of his IP on two separate occasions. As a result of his most recent violation, Defendant was sentenced by this Court on August 20, 2016, to a period of 3-12 months in a SCI.[5]

Defendant filed a Post-Sentence Motion to Modify Sentence on August 18, 2016. This Court denied the Motion on August 22, 2016. Defendant timely filed a Notice of Appeal on September 6, 2016. Pursuant to this Court's order, Defendant's counsel timely filed a concise statement of matters complained of on appeal on September 16, 2016.

On September 8, 2016, Defendant's appeals in each case were consolidated by Order of the Superior Court. The Court will now respond to Defendant's claims of error in this Opinion and Order of Court pursuant to Pa. R.A.P. 1925(a).

## ISSUES RAISED

Defendant raises the following issues in his Concise Statement:[6]

1. Whether the Trial Court abused its discretion when it sentenced Defendant to a sentence of 9 months to 60 months in a SCI in case 1558-2012?

2. Whether the Trial Court abused its discretion when it sentenced Defendant to a sentence of 6 months to 36 months in a SCI in case 1856-2013?

3. Whether the Trial Court abused its discretion when it sentenced Defendant to a sentence of 3 months to 12 months in a SCI in case 206-2014?

## DISCUSSION

"Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of original sentencing, including incarceration." *Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citing 42 Pa. C.S.A. § 9771(b)). "[T]he trial

---

[5] This sentence for case number 206-2014 is to commence at the expiration of the sentence imposed on the same date for case number 1558-2012.

[6] Concise Statement of Errors Complained of on Appeal, September 16, 2016.

court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* (quoting *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted)).

Here, Defendant was resentenced for violating the terms of all three matters for violating the terms of his parole.[7] The Commonwealth represented to this Court that it was in agreement with the Probation Department's recommendation of an aggregate sentence of six (6) years total maximum sentence. T.P. Sentencing, August 10, 2016, at 2. The minimum sentence was one (1) year. *Id.*

When imposing a sentence following a probation revocation, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

At the August 10, 2016 sentencing hearing, this Court stated:

> Court: Sir, I reviewed the summary sheet that was prepared by the Probation Department, which really is a packet of information. You have accepted responsibility for receiving new charges.
>
> I asked questions as to the status of that case because it's very important to me to know what happened in that case involving the new charges. Attorney Mangieri reported there was a hearing and the MDJ found sufficient cause to move the case forward to trial. That is a sufficient basis for the violation and for me resentencing you at this point.
>
> I do note from the report that this is your fourth violation. You had the opportunity to attend the Day Reporting Center. You've been on electronic monitoring; intense supervision; GPS tracking; Teen Challenge, which you did successfully complete; and other drug and alcohol treatment programs. However, despite this intervention, you have received new charges.
>
> I'm going to sentence you in accordance with the recommendation of the Probation Department.

---

[7] Defendant was granted parole on September 23, 2014, effective September 26, 2014, for a period of 57 months 6 days under the supervision of the Probation Department.

T.P. Sentencing, at 6-7. It is clear that this Court reviewed the resentence summary sheet giving due consideration to the facts and character of Defendant's crimes.

Furthermore, in Defendant's Concise Statement of Matters Complained of on Appeal, Counsel for Defendant concedes that there are no non-frivolous issues to be raised on appeal and acknowledges her intent to file an *Anders* brief at the Superior Court regarding the current issue. As noted by the Defense Counsel, the issue before this Court has no merit as the Defendant was given a legal sentence on his probation violation. Review of the sentencing hearing transcript confirms this.

It is clear that Defendant, after being afforded several opportunities to satisfy his obligations locally, was given a legal sentence to be served at a SCI. Accordingly, this Court finds the issues raised by the Defendant meritless and respectfully requests the Superior Court to dismiss the instant appeal.

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | Criminal Action |
| | : | |
| vs. | : | No. 1558-2012; 1856-2013; 206-2014 |
| | : | |
| Jay Tyler Bard, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## ORDER OF COURT

AND NOW THIS _19th_ DAY OF October, 2016, pursuant to Pa. R.A.P. 1931(c),

**IT IS HEREBY ORDERED THAT** the Clerk of Courts of Franklin County shall promptly transmit to the Prothonotary of the Supreme Court the record in this matter along with the attached Opinion *sur* Pa. R.A.P. 1925(a).

*Pursuant to Pa. R. Crim. P. 114, the Clerk of Courts shall immediately docket this Opinion and Order of Court and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Opinion and Order of Court, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,

_____
Carol L.Van Horn, P.J.

copies:
Franklin County District Attorney's Office
Shannon E. Barnett, Esq., Counsel for Defendant